## HERZOG v. JULIEN.

### No. 9528; August 13, 1884.

4 Pac. 501.

**New Trial.—In Case of a Conflict of Evidence the Appellate Court will not interfere with the order of the court below granting a new trial.**

APPEAL from the Superior Court of Siskiyou County.

Laura De Force Gordon for appellant; Nichols & Abels and H. B. Warren for respondent.

By the COURT.—Action to recover damages for an alleged malicious prosecution. The jury gave the plaintiff a verdict for twelve thousand dollars. The court below granted a new trial on the ground of excessive damages, and because the verdict was not sustained by the evidence and was contrary to the law and evidence. The evidence was conflicting as to the want of probable cause. In case of conflict, it has been held by this court that it would not interfere with the order of the court below granting a new trial. In Dickey v. Davis, 39 Cal. 565, the court said: ''In this court, when there is a substantial conflict in the evidence, we decline to set aside a verdict or finding of facts as being contrary to the weight of evidence, solely because we have had no opportunity to observe the manner of the witnesses, and to decide upon their credibility. But this reason does not apply to the district judge, and though it is the peculiar province of the jury to decide upon the facts submitted to them generally, in doubtful cases the verdict ought not to be set aside as contrary to the weight of the evidence. Nevertheless, if the judge is not satisfied with the verdict, and is convinced that it is clearly against the weight of the evidence, it is his duty to set it aside, even though there may 'have been some conflict in the testimony. He has had the same opportunity as the jury to observe the manner of the witnesses and to decide upon their credibility, and it is his duty to see that the verdict is not clearly against the weight of evidence. He must exercise a wholesome and discreet supervision over the jury in this respect. 'The fact that there may have been evidence submitted to the jury on both sides of the points at issue does not exclude the exercise of this beneficial supervision. If it did, no matter how weak the testimony on one side and how strong on the other, the judge would be restrained from interference, notwithstanding the verdict was manifestly against the weight of evidence. If such a rule was adopted, litigants would be sure to accommodate themselves to it by introducing mere formal (if they could command no other) evidence to oust the authority of the court': 3 Grah. & Wat. N. T. 1207.''

Order affirmed.